[643 NYS2d 639]

In the Matter of MARC KAPLAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 3, 1996

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The petition contains six charges of professional misconduct against the respondent. The Special Referee found that

Charges One and Two had not been sustained but sustained the remaining four charges. Both the Grievance Committee and the respondent now move to confirm in part and disaffirm in part the Special Referee's report. The respondent seeks the imposition of a censure as the appropriate sanction.

The charges of the petition are predicated upon a common set of factual allegations.

On or about May 15, 1992, a van driven by Mamerto Bigornia was involved in an accident in Maryland. The van was owned by Carmelita Fainson, who was a passenger, along with her children Joseph and Maria Glori. Additional passengers in the van were Evangeline Sajonas and her then-infant daughter, Eva Sajonas.

In or about June 1992, the respondent called and visited the home of Carmelita Fainson, based upon a telephone call from one Elino Lingas, an attorney. The respondent was retained to represent Ms. Fainson and her children in prosecuting personal injury claims. After being retained by the Fainsons, the respondent was transported by the driver of the van to the hospital where Evangeline Sajonas was being treated. Ms. Sajonas was under the influence of medication after having undergone major surgery within the prior 48 hours.

After meeting the patient, the respondent obtained a retainer to represent her and her infant daughter. On or about July 10, 1992, the respondent filed retainer statements with the Office of Court Administration (hereinafter OCA) for his five clients. Pursuant to the respondent's instructions, the retainer statements contained the materially false statement that the source of the referral to the respondent was his "Reputation in the community". The respondent had instructed his office staff to indicate "reputation in the community" as the source of referrals to him on all retainer statements filed with the OCA, irrespective of the actual referrer.

On or about July 27, 1992, the respondent instituted a personal injury action in Supreme Court, Westchester County, against Mamerto Bigornia on behalf of Evangeline and Eva Sajonas, Carmelita Fainson and her children, Joseph and Maria Glori. The respondent did not institute suit against Carmelita Fainson, the owner of the vehicle.

Charge Three alleged that the respondent engaged in the representation of adverse and conflicting interests in violation

of Code of Professional Responsibility DR 5-105 (22 NYCRR 1200.24).

Charge Four alleged that the respondent engaged in a pattern of filing materially false and misleading retainer statements with OCA in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Five alleged that the respondent engaged in conduct prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Six alleged that the respondent engaged in conduct adversely reflecting upon his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Based on the evidence adduced, the motion and cross motion to confirm in part and disaffirm in part is granted to the extent that Charges Three, Four, Five, and Six are sustained and the motion and cross motion are denied in all other respects.

In determining an appropriate measure of discipline to impose, we have considered the mitigating factors advanced by the respondent, including his previously unblemished record, his cooperation with the Grievance Committee, and the character letters submitted on his behalf. We have also considered the respondent's rectification of his erroneous practices, the prevailing relationships among the accident victims, and the expressed desire of one of the victims "to proceed in this matter with one attorney causing as little family friction as possible".

Under the totality of circumstances, the respondent is suspended from the practice of law for one year.

MANGANO, P. J., BRACKEN, ROSENBLATT, O'BRIEN and THOMPSON, JJ., concur.

Ordered that the petitioner's motion and the respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee are granted to the extent that Charges Three, Four, Five, and Six are sustained, and are denied in all other respects; and it is further,

Ordered that the respondent, Marc Kaplan, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that

during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Marc Kaplan, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.